UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| LAURA STEELE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LIFE INSURANCE OF NORTH AMERICA, )<br>)<br>Defendant. )<br>) | Case No. 04-2260 |

OPINION

On November 19, 2004, Defendant Life Insurance of North America ("LINA") filed a Notice of Removal from the Vermilion County Circuit Court. Plaintiff Laura Steele had filed a Complaint on September 1, 2004, alleging breach of contract for failure to pay life insurance benefits in Count I and vexatious and unreasonable refusal to pay insurance benefits under the Illinois Insurance Code (215 Ill. Comp. Stat. 5/155 ) in Count II. On June 30, 2005, LINA filed a Motion for Partial Summary Judgment (#25) as to Count II. The matter is now fully briefed, and for the reasons that follow, LINA's motion is GRANTED.

FACTS

CSX solicited proposals from various insurance companies with regard to group coverages for its employees. LINA, a CIGNA company, issued Group Accident Policy No. OK817074 to CSX in connection with the CSX Corporation Optional Personal Accident Insurance Plan ("Plan"). CSX distributed a Summary Plan Description (SPD) and information about benefits made available

through the Plan to its employees which included the Plan and three other insurance programs. The SPD contains a heading entitled "Who Needs Personal Accident Insurance?" Below this heading, the SPD states:

> You do. Accident insurance can help you pay expenses if you or your covered family member is seriously injured or killed in a covered accident. This coverage can ensure that tragedy doesn't take both an emotional and a financial toll on your family. By purchasing this insurance through your employer, you benefit from: Affordable group rates [and] Convenient payroll deduction.

Under the heading "Administration & Your ERISA Rights," CSX is listed as the plan administrator. As plan administrator, CSX was "responsible for the general administration and management of the plans." The SPD also indicates CSX "reserves the right to terminate any of the insurance plans at any time" and CSX "shall have the discretion to make any findings of fact needed in the administration of the plans, and shall have the discretion to interpret or construe ambiguous, unclear or implied (but omitted) items in any fashion they deem to be appropriate in their sole judgment." In addition, the SPD reserves to CSX "the right to suspend, withdraw, amend, or change any plan in whole or in part at any time."

The enrollment forms for the Plan bear the CSX Corporation logo. The SPD instructs participants to send correspondence regarding its plans to the CSX Assistant Vice President at the company headquarters. The agent for service of process under the CSX Plan is the CSX Administrative Committee. The SPD states that CSX contracted with CIGNA Group Insurance to perform the day to day administrative functions of the Plan. CSX employees paid their premiums under the plan through payroll deduction on a pre-tax basis. CSX did not pay the costs for coverage, nor was involvement in the Plan mandatory. Change of beneficiary forms could be obtained on the

CSX website or by contacting CIGNA. The SPD states that "if there is any dispute regarding your right to participate in a plan, the claim will be forwarded by CSX to the insurer." In 2002, CSX filed form 5500 Annual Return/Reports for the CSX Plan pursuant to Sections 104 and 4065 of ERISA.

Plaintiff Laura Steele was the spouse of William Steele, an employee of CSX Corporation. William was a participant in the Plan. On November 24, 2002, William died in an automobile crash. Laura made a timely claim under the Plan. LINA refused to honor Laura's claim, relying on an exclusion in the policy for "commission of a felony by the insured." This suit followed in which Laura made claims against LINA for breach of contract for failure to pay life insurance benefits and vexatious refusal to pay insurance benefits under the Illinois Insurance Code. After removing this case to federal court, LINA has filed a motion for summary judgment arguing that Count II of Laura's complaint is preempted by the Employee Retirement Income Security Act (ERISA) (29 U.S.C. § 1001 *et seq.*).

## ANALYSIS

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, the court must decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). In reaching this decision, the court must consider the evidence in the light most favorable to the party opposing summary judgment. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The burden of establishing that no genuine issue of material fact exists rests with the movant. Jakubiec v. Cities Serv. Co., 844 F.2d 470, 473 (7th Cir. 1988).

In its motion for summary judgment, LINA argues that the Plan is an employee welfare benefit plan under ERISA, and therefore Count II of Steele's complaint is preempted by ERISA and must be dismissed. An employee welfare benefit plan, as defined by 29 U.S.C. § 1002(1), contains five elements: (1) a plan, fund, or program; (2) established or maintained; (3) by an employer or by an employee organization, or by both; (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits . . . ; (5) to participants or their beneficiaries. Ed Miniat, Inc. v. Globe Life Ins. Group, Inc., 805 F.2d 732, 738 (7th Cir. 1986).

In the instant case, it appears the parties only dispute whether the plan was "established and maintained" by the employer, CSX. In making a determination as to whether a plan is established and maintained by an employer, "[t]he critical factor is the employer's level of administrative involvement in the plan." Russo v. B & B Catering, 209 F. Supp. 2d 857, 859 (7th Cir. 2002). "Defining which employees are eligible to participate, contributing to premiums and performing some administrative functions can all implicate ERISA." Russo, 209 F. Supp. 2d at 859. "On the other hand, allowing insurance carriers access to employees on a neutral basis, or withholding the employees' premiums from paychecks is generally not enough to bring a plan within ERISA's coverage." Russo, 209 F. Supp. 2d at 859.

To aid in the determination of whether a plan is "established and maintained" by an employer, the Department of Labor regulations set forth a "safe harbor" provision. Under this regulation, if the following criteria are met, the program does not fall under ERISA: "(1) No contributions are made by the employer or employee organization; (2) Participation in the program is completely voluntary for employees or members; (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the

program to employees or members, to collect premiums through payroll deductions or dues checkoffs and remit them to the insurer; and (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs." 29 C.F.R. § 2510.3-1(j). "[E]mployer neutrality is imperative" if a plan is to remain outside of ERISA. Russo, 209 F. Supp. 2d at 860. "If the arrangement favors a finite set of plans over employees shopping for insurance in the open market, the favored plans are considered to be established by the employer." Russo, 209 F. Supp. 2d at 860. This safe harbor provision is to be construed narrowly as only a minimal level of employer involvement is necessary to trigger ERISA. Russo, 209 F. Supp. 2d at 860.

In the instant case, the SPD lists CSX as the plan administrator for the Plan and, as such, CSX was responsible for its "general administration and management." CSX reserved to itself the right to terminate, suspend, amend, or change the Plan. The SPD instructs participants in the Plan to send correspondence regarding the Plan to the CSX Assistant Vice President, and the agent for service of process is the CSX Administrative Committee. CSX employees paid their premiums under the plan through payroll deduction on a pre-tax basis. CSX forwarded disputed claims to the insurer, and claim forms could be obtained through CSX's website. CSX contracted with a single insurance provider to provide the Plan. In addition, the SPD contains provisions relating to the applicability of ERISA and employee rights under ERISA.

This activity on the part of CSX is "far more active than simply permitting an independent insurer access to its employees." Russo, 209 F. Supp. 2d at 861. As such, the CSX plan is comparable with others held to be within ERISA's coverage in which employers contract with a single insurance provider and provide some administrative support for the plan. Russo, 209 F. Supp.

2d at 857; see also Turnoy v. Liberty Life Assurance Co. of Boston, 2003 WL 223309 at *4 (N. D. Ill. 2003); Shyman v. Unum Life Ins. Co. of Am., 2004 WL 609280 at *5 (N. D. Ill. 2004). It cannot be said in the instant case that CSX maintained neutrality, and, based on the undisputed facts, it is apparent CSX had more than a minimal level of involvement in administration of the Plan. Therefore, this court finds ERISA applies to the Plan. As a result, Count II of Steele's complaint, which alleges a claim against LINA for vexatious and unreasonable refusal to pay insurance benefits under § 155 of the Illinois Insurance Code is preempted by ERISA, and summary judgment must be granted on this claim. Cencula v. John Alden Life Ins. Co., 174 F. Supp. 2d 794, 800 ("Allowing Plaintiff to assert a claim under section 155 would undermine ERISA's enforcement procedures; therefore, Plaintiff's claim under the Illinois Insurance Code is preempted.").

IT IS THEREFORE ORDERED:

(1) Defendant's Motion for Partial Summary Judgment (#25) is GRANTED.

(2) Defendant is allowed 28 days from the entry of this order to file a motion for summary judgment with regard to Count I of Plaintiff's complaint.

ENTERED this 13th day of September, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE